March 11, 1907.

--------o--------

## No. 4152.

(Court of Appeal, Parish of Orleans.)

## SUCCESSION OF THOMY LAFON vs. BOARD OF ASSESSORS, et als.

1. The valuation of property for taxation by the Assessors is in the nature of a judicial act, protected by all presumptions in favor of its fairness and correctness, and subject to reduction only on clear affirmative proof that it is excessive.

2. The circumstance that the revenues of a piece of real estate have been; by testamentary disposition, given in perpetuity to charitable institutions, and that no disposition has been made of the naked ownership of the property, thereby placing said property hors de commerce, will not in itself furnish any reason for a discrimination between the actual values of this property and the adjoining properties.

Appeal from Civil District Court, Division "E."

Harry H. Hall, for Succession and Appellee.

George H. Terriberry, St. Clair Adams, F. C. Zacharie, J. F. C. Waldo, for Board of Assessors and Appellants.

ESTOPINAL, J. Plaintiff sued for and obtained in the Lower Court a reduction of the assessment from fifty thousand dollars ($50,000.00), as fixed by defendant, to thirty-three thousand dollars ($33,000.00), on the property situated at the corner of Iberville and Royal streets, known as the Citizens Bank Building.

From this Judgment the defendant Board has taken this appeal.

Plaintiff, represented in this proceeding by a "Committee of Administration" appointed under the terms of the will of the

late Thomy Lafon, to administer the moneys and property bequathed by him to sustain orphan asylums and other charitable institutions, aver in their petition that the property corner of Royal and Iberville streets, measures sixty (60) feet front on Royal street, by a depth and front on Iberville street of ninety (90) feet between equal and parallel lines; that the property was acquired by the late Thomy Lafon in 1883, from the Citizens Bank for $25,000.00.

Plaintiff further avers that in his will and testament, Thomy Lafon gave the revenues in perpetuity of said property for the support and maintenance of a charitable institution, but failed to make any disposition whatever of the naked ownership of said property; that they have, conformably to the terms of the will, paid over to charity al lthe net revenues of said property; that onl yin comparatively recent years have they been able to lease the property at an annual rental of thirty-three hundred dollars ($3,300.00), for a term of years, and that its true value is thirty-three thousand dollars ($33,-000.00) ; that timely application was made to the Board of Assessors asking for a reduction from sixty thousand dollars ($600,000.00), to thirty-three thousand dollars ($33,000.00), and that said Board granted a reduction of ten thousand dollars ($10,000.00), placing the assessment at $50,000.00; that if the assessment placed upon the property by the defendant Board is permitted to stand, then, and in that case, nearly one-half of the gross revenues would be required to pay the annual tax thereon, thus depriving the orphans of a large portion of the benefaction under Lafon's will.

We have, perhaps, needlessly, incorporated at length substantially, plaintiff's pleadings, because it has been suggested by counsel that this case stands alone, in that it is, by testamentary disposition placed hors de commerce, and for that reason has not appreciated in value, and that in consequence its present value is not to be measured by the value of property in the immediate vicinity, but is to be based upon the revenues derived from it.

We do not think there is any merit in the contention, the only concern of this Court being to ascertain whether the property in question falls under any provision of law which differentiates it from other taxable property. We unhesitatingly

say that it does not. It is not pretended that there is a constitutional exemption. Therefore, this property must be viewed and considered in the same light as any other commercial property.

If it be true that its value and revenues are less by the fact that it cannot be disposed of, it is simply an unfortunate circumstance which the Court is helpless to consider. The Court is not called upon to determine the actual cash value of the property encumbered as it is, but to *determine the value by what the property would sell for "free of all encumbrances."*

Act 170, 1898, Sec. 91.

"The assessor, says Judge Burroughs (on Taxation), act judicially in making an assessment. They proceed upon inquiry, and hear and determine from all the information before them of the value of the property."

Under the law and the settled jurisprudence of this state it was incumbent on plaintiff to show by clear affirmative proof that the assessment is excessive. The record shows the total absence of such proof.

One of the members of the Committee of Administration under Lafon's will, when interrogated as a witness, declared that the property in his opinion, assuming the title to be perfect, would be worth between fifty thousand ($50,000.00) and sixty thousand dollars ($60,000.00), and that this valuation was based upon the price brought by property in the neighborhood.

It is in evidence that the corner lot immediately opposite plaintiff's property, was recently sold for sixty thousand dollars ($60,000.00), to Fabacher.

It is contended by plaintiff that the large price paid is not a fair criterion of the value of the property, the purchaser paying the "fancy price" because he must have it.

The price paid for the Fabacher property could, under the law have been considered by the Board as a standard in fixing the valuation of plaintiff's property. Act. 170 of 1898.

If we assume this to be true, we yet think that the "fancy" part of the price paid by Fabacher is more than equaled or made up for by the greater measurements of plaintiff's property.

In the concurring opinion in Cotton Exchange vs. Board of

Assessors, the Supreme Court said:

"There exists in fact no rigid rule for the valuation of property which is affected by a multitude of circumstances which no rule can foresee, or provide for. The assessor must consider all these circumstances and elements of value, and must exercise a prudent discretion in reaching a conclusion." 37 A. p. 423.

Both properties, plaintiff's and Fabacher's, are of the same character, and we think it would be dangerous to establish, especially in the face of a case supported neither by law nor fact, by granting this demand, a precedent which at some time might seriously affect the public.

Plaintiff recites that the property was acquired in 1883 for twenty-five thousand dollars ($25,000.00). Of course, the purchase price paid years ago is not to be considered, for in fixing the assessment of property, its present, and not its past value, unless very recent, is the standard of valuation.

"It it well settled that the assessment of the property of a tax-payer on the rolls and the modes used in fixing its value, are presumed to be correct until he proves the contrary.

Cotton Exchange vs. Board 37 A. 424. New Orleans vs. Bank 31 A. 826, 29 A. 851, affirmed."

The assessors appear to have exercised a prudent discretion in arriving at a valuation of plaintiff's property, and no affirmative and clear proof having been made that the assessment is excessive, the valuation put upon the property by the Board of Assessors should stand.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from reducing the assessment on plaintiff's property from fifty thousand dollars ($50,000.00) to thirty-three thousand dollars ($33,000.00), be, and the same is hereby reversed, avoided and set aside, and it is now ordered, adjudged and decreed, that there be judgment in favor of the defendant Board of Assessors, maintaining the assessment of fifty thousand dollars ($50,000.00), placed on plaintiff's property situated at the corner of Royal and Iberville streets, and measuring sixty (60) feet on Royal street by ninety (90) feet on Iberville street, and 10 per cent attorney's fees on the amount of taxes saved the state, to-wit: On the taxes due on the difference between th assessment of $50,-000.00, and the reduction sought by plaintiff.

The costs of the appeal as well as those of the lower Court to be taxed to plaintiff.